IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. STEPHENSON, )<br>)<br>Plaintiff, )<br>) No.:_____<br>CANADIAN NATIONAL RAILROAD/ )<br>ILLINOIS CENTRAL RAILROAD )<br>COMPANY, )<br>)<br>Serve:  CT Corporation System )<br>        208 S. LaSalle Street, Suite 814 )<br>        Chicago, IL 60604-1101 )<br>) **JURY TRIAL DEMANDED**<br>Defendant. ) | |

## PLAINTIFF'S COMPLAINT

### COUNT I

### FEDERAL EMPLOYERS' LIABILITY ACT

COMES NOW plaintiff, James E. Stephenson, by and through his attorneys, Rathmann & O'Brien, L.L.C. and for Count I of his Complaint against the defendant, Canadian National Railroad/Illinois Central Railroad Company, states the following:

1.  That at all times herein, the plaintiff is a resident of the State of Illinois.

2.  That at all material times, defendant Canadian National Railroad/Illinois Central Railroad Company ("CN/IC") was and is a corporation duly organized and existing under the law and was and is an interstate carrier, operating an interstate system of railroads in and through several states, including various locations in and through the State of Illinois.

3.  That at all times relevant, defendant CN/IC was an interstate carrier by rail and was engaged in interstate transportation and commerce; that from September of 1979 through the

1

present time, plaintiff was and has been employed by defendant in the Maintenance of Way department, including as a Bridge & Structure welder, and as such, was and has been working and engaged in interstate transportation and commerce from September of 1979 through the present time, and at such times was working in the furtherance of defendant's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by said defendant as a railroad.

4. That throughout the course and scope of the Plaintiff's employment with Defendant, Plaintiff was required to constantly, frequently and repetitively engage in employment tasks requiring the use of heavy, awkward, ergonomically incorrect and/or compromised tools and equipment, including air, pneumatic and high impact tools and equipment; work in twisted, awkward, bent, cramped, contorted and/or ergonomically unsound and compromised positions; lift, carry, push, pull and manhandle heavy tools and equipment; perform his employment tasks while in squatting and/or kneeling positions while walking and working on loose, unstable and multi-sized ballast, coke and debris, as well as on slopes, creating unstable footing; performing tasks requiring repetitive and frequent climbing, and otherwise engage in work activities which resulted in the continuous, frequent and/or repetitive traumatic and cumulative traumatic exposes to Plaintiff's neck, back, spine, upper extremities specifically including his bilateral shoulders, arms, elbows, wrists, hands, fingers, and lower extremities, specifically including his bilateral knees and feet.

5. That the Court has jurisdiction over defendant CN/IC pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C.§ 51, et seq., and that plaintiff has commenced this action in a timely manner pursuant to 45 U.S.C. § 56.

6. That pursuant to the FELA, 45 U.S.C.§ 51, et seq., defendant CN/IC had and has a duty to provide plaintiff with a reasonably safe place to work, reasonably safe equipment, and a duty to exercise ordinary care in connection with the maintenance, management, inspection, operation and/or repair of its locomotives, railcars, tools, equipment and tracks upon which its trains operate, and the locations and facilities where plaintiff worked for the defendant.

7. That defendant CN/IC breached its aforementioned duties of care, and was negligent in one or more of the following particulars:

   (a) Defendant failed to provide plaintiff with a reasonably safe place to work;

   (b) Defendant failed to provide plaintiff with reasonably safe conditions to work;

   (c) Defendant failed to provide plaintiff with reasonably safe equipment;

   (d) Defendant failed to maintain its track(s) in a reasonably safe condition;

   (e) Defendant failed to maintain its equipment in a reasonably safe condition;

   (f) Defendant failed to warn and/or properly warn plaintiff;

   (g) Defendant allowed and permitted dangerous and/or hazardous conditions to exist with which its employees were required to work;

   (h) Defendant failed to adopt, implement, install enforce and/or carry out safe customs, methods, procedures and practices for inspecting, maintaining, and/or repairing its equipment, tools, track, track beds, plaintiff's working locations, railcars and/or locomotives.

   (i) Defendant failed to warn, educate, train and advise and/or adequately warn, educate, train and/or advise Plaintiff of the potential risk factors existing with the tools, equipment and work environment plaintiff was required to work with and in, including the risk factors for sustaining cumulative and/or repetitive trauma injuries as alleged above.

8. That plaintiff's injuries were due, in whole or in part, to one or more of defendant's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the

FELA, 45 U.S.C.§ 51, et seq.

9. That as a result of one or more of the defendant's aforementioned negligent acts or omissions, in whole or in part, plaintiff suffered and will continue to suffer injuries and/or aggravation, acceleration and/or exacerbation of pre-existing conditions to his neck, back, spine, upper extremities specifically including his bilateral shoulders, arms, elbows, wrists, hands, fingers, and lower extremities, specifically including his bilateral knees and feet, with injuries, bruising, straining, spraining and tearing to the soft tissues, ligaments, tendons, muscles, bones, blood vessels, and nerves of his neck, back, spine, upper extremities specifically including his bilateral shoulders, arms, elbows, wrists, hands, fingers, and lower extremities, specifically including his bilateral knees and feet, resulting in plaintiff suffering great bodily and emotional pain, as well as loss of enjoyment of life, and plaintiff will continue to suffer such physical pain, emotional anguish and anxiety in the future.

10. That as a result of one or more of the defendant's aforementioned negligent acts or omissions, in whole or in part, plaintiff he has sought and received substantial medical, hospital, surgical, therapeutic and rehabilitative care and treatment and will continue to receive such additional care and treatment in the future; that he has expenses for his medical care and treatment and will continue to incur such additional expenses in the future; and that he has sustained a loss of wages and fringe benefits and will continue to sustain a loss of wages and fringe benefits into the future; all to his damage.

11. That plaintiff did not know, nor did plaintiff have reason to known, of his alleged injuries and their relationship to his employment at any time prior to January 1, 2006.

WHEREFORE, plaintiff James E. Stephenson respectfully prays that judgment be entered against defendant, Canadian National Railroad/Illinois Central Railroad Company, on Count I of his Complaint in an amount that is fair and reasonable for the damages and losses suffered, together with all costs and disbursements, all in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II

COMES NOW plaintiff, James E. Stephenson, by and through his attorneys, Rathmann & O'Brien, L.L.C. and for Count II of his Complaint against the defendant, Canadian National Railroad/Illinois Central Railroad Company, states the following:

1. Plaintiff re-alleges, restates and incorporates herein by reference as though fully set forth herein the allegations of Paragraphs (1) through (3) and Paragraphs (5) through (6) of Count I of plaintiff's Complaint.

2. That throughout the course and scope of the Plaintiff's employment with Defendant, Plaintiff was exposed to unreasonably loud, shrill, continuous, repetitive, and resonating noises from defendant's locomotives, railcars, retarders, pneumatic tools, grinders, welding equipment, machinery, squealing freight car wheels, hammering, metal hitting on metal, and other tools, equipment, and machinery which emitted loud noises and which caused plaintiff to sustain serious and permanent bodily injuries and damages to his ears and hearing as a result of the hereinafter described negligence of the defendant, its agents, servants and/or employees.

3. That defendant CN/IC breached its aforementioned duties of care, and was negligent in one or more of the following particulars:

    (a) Defendant failed to provide plaintiff with a reasonably safe place to work;

    (b) Defendant failed to provide plaintiff with reasonably safe conditions for work;

    (c) Defendant failed to provide plaintiff with reasonably safe tools, equipment and/or protective equipment;

    (d) Defendant failed to provide reasonably safe and adequate ear and hearing protection and appliances for the performance of plaintiff's employment duties;

    (e) Defendant failed to provide reasonably adequate methods and conditions of work in that plaintiff was required to perform his employment duties in close proximity to the aforedescribed sources of loud, shrill, continuous, repetitive, and resonating noises without benefit of any noise muffling mechanisms or other acoustical or mechanical devices that would have protected plaintiff from the aforedescribed loud, shrill, continuous, repetitive, and resonating noises; and/or

    (f) Defendant failed to warn and/or adequately plaintiff of the hazards, risks and effects of exposures to the aforesaid loud, shrill, continuous, repetitive, and resonating noises during the performance of his employment duties.

4.     That plaintiff's injuries were due, in whole or in part, to one or more of defendant's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the FELA, 45 U.S.C.§ 51, et seq.

5.     That as a result of one or more of the defendant's aforementioned negligent acts or omissions, in whole or in part, plaintiff was caused to sustain the following serious, severe, debilitating, and permanent bodily injuries and damages, including bilateral sensorineural hearing loss and tinnitus. Plaintiff further states that as a result of the foregoing, he has suffered and will forever suffer increasing difficulty in hearing, tinnitus and difficulty in distinguishing sounds and further impairment and increased loss of hearing in both ears, resulting in plaintiff suffering great bodily and emotional pain, as well as loss of enjoyment of life, and plaintiff will continue to suffer such physical pain, emotional anguish and anxiety in the future.

6. That as a result of one or more of the defendant's aforementioned negligent acts or omissions, in whole or in part, plaintiff he has sought and received medical, hospital, therapeutic and rehabilitative care and treatment and will continue to receive such additional care and treatment in the future; that he has expenses for his medical care and treatment and will continue to incur such additional expenses in the future; and that he has sustained a loss of wages and fringe benefits and will continue to sustain a loss of wages and fringe benefits into the future; all to his damage.

7. That plaintiff did not know, nor did plaintiff have reason to known, of his alleged injuries and their relationship to his employment prior to January 1, 2006.

WHEREFORE, plaintiff James E. Stephenson respectfully prays that judgment be entered against defendant, Canadian National Railroad/Illinois Central Railroad Company, on Count II of his Complaint in an amount that is fair and reasonable for the damages and losses suffered, together with all costs and disbursements, all in excess of Seventy Five Thousand Dollars ($75,000.00).

RATHMANN & O'BRIEN, L.L.C.

/s/ Patrick S. O'Brien
PATRICK S. O'BRIEN, IL #3127549
1031 Lami Street
St. Louis, MO 63104
(314) 773-3456 Telephone
(314) 773-7238 Facsimile

**ATTORNEYS FOR PLAINTIFF**